UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY P. PALMA,

    Plaintiff,

       v.                                                No. 3:15-cv-1632(WIG)

CAROLYN COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY
OF JUDGMENT WITH REVERSAL AND REMAND [DOC. # 16]

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court to enter judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of this cause to the Commissioner for further action. Counsel for Defendant represents that Plaintiff's counsel, Joanne G. Gibau, Esq., consents to the relief sought in the motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined that further development of the record and additional administrative action is warranted. Upon remand, Plaintiff will be given an opportunity for a new hearing and to submit additional evidence in accordance with 20 C.F.R. §§ 405.331 and

405.350.  Further, the ALJ will reassess Plaintiff's maximum residual functional capacity, and in so doing, reevaluate the medical and other opinions of record.  If appropriate, the ALJ will also obtain vocational expert testimony to determine whether Plaintiff can perform past relevant work and/or make an adjustment to other work that exists in significant numbers.  The ALJ will then issue a new decision.  In the alternative, the ALJ may issue a fully favorable decision on the record, or, if Plaintiff consents, the ALJ may issue a partially favorable decision on the record.

Accordingly, Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 16] is granted.

This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).  The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this  26th  day of January, 2016, at Bridgeport, Connecticut.

      /s/ *William I. Garfinkel*
   WILLIAM I. GARFINKEL
   United States Magistrate Judge